UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-75-RJC

| JAMES DEAN EAKER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FRANKLIN STEELE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Court's prior Order dismissing Plaintiff's pro se Complaint after conducting an initial review under 28 U.S.C. § 1915(g). (Doc. No. 10). Plaintiff contends that this Court incorrectly dismissed the Complaint under § 1915(g) because Plaintiff paid the full filing fee of $350.00.

The Prisoner Litigation Reform Act ("PLRA") states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This Court noted in its prior Order dated February 28, 2012, that Plaintiff has filed at least two lawsuits in this Court, and one in the Middle District of North Carolina, all of which have been dismissed for failure to state a claim for relief. See (Doc. No. 5) (citing Eaker v. Steele, 3:11-cv-28, Doc. No. 6 (listing cases)). This Court further noted that on February 8, 2011, pursuant to the three-strikes provision of § 1915(g), this Court dismissed an action filed by Plaintiff that was based on the same allegations forming the basis of the Complaint here. (Id.) The Court concluded that, like the previous action filed by Plaintiff, this

action is also subject to dismissal under § 1915(g).

Plaintiff's point is well taken regarding paying the $350.00 filing fee. Although 28 U.S.C. § 1915(g) does not apply since Plaintiff paid the full filing fee, the Court still has authority to dismiss the action after an initial screening pursuant to 28 U.S.C. § 1915A, regardless of whether Plaintiff paid the filing fee. As this Court noted in its Order dated February 28, 2012, this action is clearly barred by res judicata, given the Court's prior Order dismissing an action filed by Plaintiff that was based on the same allegations forming the basis of the Complaint here. See (Eaker v. Steele, 3:11-cv-28). Indeed, the factual allegations in the Complaint in this action appear to be identical to the factual allegations in the prior lawsuit filed by Plaintiff and dismissed by this Court. See (Id.).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 10), is **GRANTED**, to the extent that the Court finds that Plaintiff paid the full filing fee of $350.00 in this case. Nevertheless, the Court will not amend its prior Order dismissing this action, as this action is clearly barred by res judicata.

Signed: April 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge